IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ARTHUR OF THE FAMILY          )
WITTENBERG et al.,            )
                              )
     Plaintiffs,              )
                              )
v.                            )  Civil Action No. 1:24-cv-01619
                              )
FREEDOM MORTGAGE CORPORATION, )
et al.,                       )
                              )
     Defendants.              )

MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Freedom Mortgage Corporation's ("FMC") Motion to Dismiss Plaintiffs' Complaint with *Roseboro*.

Plaintiffs Arthur of the Family Wittenberg, Eugene Harris II, and Tenekia L. Harris ("Plaintiffs") have sued Defendant FMC for its involvement in a 2019 foreclosure of real property in Prince William County, Virginia (the "Property") once owned by Eugene and Tenekia Harris (the "Harrises"). Plaintiffs have also brought suit against Defendant Revco Solutions, Inc. f/k/a Credit Bureau Collection Services ("CBCS"). CBCS filed its Answer on November 22, 2024. That same day, FMC filed its Motion to Dismiss with a *Roseboro* notice, and on November 25, 2024, the Court entered an order notifying Plaintiffs that FMC's Motion to Dismiss was filed and that they are entitled to file an opposition within twenty-

1

one (21) days. See E.D. Va. Loc. Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The November 25, 2024 Order also advised Plaintiffs that if they fail to file an opposition, the Court may dismiss some or all of Plaintiffs' claims on the basis of the moving party's papers. Instead of filing a timely response to the Motion to Dismiss, Plaintiffs filed an opposition to "Defendant's Motion for Sanctions," and a Motion for Sanctions against FMC's attorney. However, neither Defendant filed a Motion for Sanctions against Plaintiffs in this matter. Plaintiffs' Motion for Sanctions was denied by the Magistrate Judge on January 7, 2025. On April 11, 2025, Plaintiffs filed untimely responses to FMC's Motion to Dismiss.

This action is the fourth lawsuit brought by Plaintiffs in this Court alone to relitigate the 2019 foreclosure sale of the Property. See Harris et al. v. Farnsworth, Jr. et al. (1:22-cv-1378-CMH-JFA) (dismissing all claims against FMC for lack of subject matter jurisdiction under the Rooker-Feldman doctrine); Harris et al. v. Freedom Mortgage Corp. et al. (1:24-cv-471-MSN-LRV) (dismissing the case for lack of subject matter jurisdiction and for failure to state a claim); Arthur of the Family Wittenberg v. Freedom Mortgage Corp. (1:24-cv-1269-CMH-LRV) (dismissing the claims against FMC for lack of subject matter jurisdiction under the Rooker-Felman doctrine and for failure to state a claim). Each time, Plaintiffs file an action alleging that FMC engaged in some

2

wrongful act during the foreclosure and contest FMC's ownership interest in the Property. The instant matter is no different.

On June 29, 2017, the Harrises executed a Deed of Trust conveying the Property in trust to secure a mortgage debt, which was assigned to Defendant FMC. The note was in the amount of $859,400. In September of 2018, the Harrises deeded the Property to a trust with Plaintiff Wittenberg acting as trustee. FMC foreclosed on the Property after the Harrises defaulted on their mortgage, and The Secretary of the U.S. Department of Veteran Affairs ("VA") purchased the Property via a public foreclosure sale on April 25, 2019 (the "2019 Foreclosure"). Subsequently, the VA quitclaimed the Property back to FMC via a deed dated May 29, 2020.

Following the 2019 Foreclosure, the VA filed an unlawful detainer action (the "2019 Eviction Action") against the Harrises in Prince William County, Virginia General District Court to evict them from the Property. The Virginia General District Court granted the VA possession of the Property, and the Harrises appealed that decision to the Prince William County Circuit Court, arguing among other things that FMC lacked the right to initiate the foreclosure. On appeal, the Circuit Court ordered that the VA be granted possession of the Property. The Harrises appealed the Circuit Court's final order; however, the Harrises did not perfect their appeal resulting in the case being returned to the Circuit Court.

In April of 2021, the Harrises filed a Petition to Quiet Title (the "2021 Quiet Title Action") in the Prince William County Circuit Court against FMC and the VA, contesting FMC's right to obtain possession of the Property and arguing the 2019 Foreclosure sale was illegal, among other allegations. The Circuit Court dismissed the case with prejudice against FMC. The Harrises subsequently filed an amended complaint, and the Circuit Court again dismissed the case against FMC and ordered that the Harrises be prevented from filing subsequent pleadings contesting FMC's interest in the Property without first seeking permission from the state court. In September of 2022, FMC filed an unlawful detainer action against the Harrises in the Prince William County, Virginia General District Court, to evict them from the Property, but the case was dismissed without prejudice.

On December 1, 2022, the Harrises filed their first complaint in this Court against FMC, the VA, and others, with Wittenberg moving to intervene as an interested party, seeking rescission of the Property's foreclosure and damages (the "2022 EDVA Action"). See Harris et al. v. Farnsworth, Jr. et al. (1:22-cv-1378-CMH-JFA). Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) the VA Secretary and FMC filed their motions to dismiss, which were granted by the Court on July 27, 2023. This Court found that it lacked subject matter jurisdiction over all claims brought by the Harrises against FMC and the VA Secretary under the Rooker-Feldman

4

doctrine, which precludes federal courts from sitting in appellate review of state court judicial determinations. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

In February of 2023, FMC instituted an unlawful detainer action against the Harrises in the Prince William County, Virginia Circuit Court to again obtain possession of the Property (the "2023 Eviction Action"). The Harrises proceeded to file seven motions, and Mr. Wittenberg moved to intervene as an interested party. The state court denied all of the Harrises' motions, which similarly contested the 2019 Foreclosure. On December 8, 2023, the state court issued an order granting FMC a writ of possession. See Freedom Mort. Corp. v. Harris, No. CL23001802-00, at *1 (Prince William Cty. Cir. Ct. Dec. 8, 2023). The Harrises appealed the order, which is pending in the Court of Appeals of Virginia. Despite the pending appeal, the Harrises filed an untimely counterclaim again attacking the 2019 foreclosure sale, and FMC filed a dispositive motion and motion for sanctions, which were granted by the state court.

On March 25, 2024, the Harrises and Plaintiff Arthur of the Family Wittenberg filed a second complaint in this Court again contesting the 2019 foreclosure sale ("March 2024 EDVA Action"). See Harris et al. v. Freedom Mortgage Corp. et al. (1:24-cv-471-MSN-LRV). Plaintiffs once again asked the Court to determine the ownership of the Property and requested that the Court enjoin FMC's

collection activities and "remove clouds" from the Property's title. The Court affirmed the prior holding of this Court confirming that the Rooker-Feldman doctrine precluded the exercise of jurisdiction over the plaintiffs' claims. Specifically, this Court held that on three separate occasions, Virginia state courts have rendered final judgments regarding ownership of the Property, and a ruling for the plaintiffs would be in direct conflict with those Virginia state court judgments. The Court also found that, in the alternative, the matter should also be dismissed pursuant Fed. R. Civ. P. 12(b)(6). On July 15, 2024, Plaintiffs appealed the Court's order dismissing the complaint with prejudice, which remains pending before the Fourth Circuit.

On July 23, 2024, Plaintiff Wittenberg as a "beneficially interested" party filed another action against Defendant FMC asserting a similar theory of claims and damages as those in the March 2024 EDVA Action (the "July 2024 EDVA Action"). See Arthur of the Family Wittenberg v. Freedom Mortgage Corp. (1:24-cv-1269-CMH-LRV). Plaintiff alleged that he tendered "silver coins" to Defendant "on special deposit and check for credit on account for settlement and closure of account, per Article I, Section 10 of the [C]onstitution." Plaintiff Wittenberg alleged that FMC did not return the tendered amount that was on special deposit and again challenged the ownership of the Property and FMC's superior interest in the Property. Plaintiff requested, among other types

6

of relief, that the Court grant an injunction against FMC, void the mortgage, and "remove clouds from complainant's title" to the Property. Similar to the March 2024 EDVA Action, FMC moved to dismiss the action pursuant to the Rooker-Feldman doctrine and for failure to state a claim, which the Court granted on May 27, 2025. The Court also denied Plaintiff's and Defendant's motions for sanctions.

On September 13, 2024, while the July 2024 EDVA Action was still pending, Plaintiffs filed this action against FMC and Defendant CBCS. The Complaint generally alleges that FMC violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., as part of the Consumer Credit Protection Act, Section 29 of the Federal Reserve Act ("FRA"), Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 et seq., Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et seq., Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692 et seq., and engaged in securities and commodities fraud and breached its fiduciary duties.

In support of their claims, Plaintiffs allege that they did not miss any monthly mortgage payments "up to the date when the final payment was issued" and allege that the Harrises instructed Wittenberg to extinguish the mortgage. Similar to what was alleged in the July 2024 Action and in the state court proceedings, Wittenberg allegedly sent FMC a letter demanding the mortgage be extinguished and "tendered silver coins and a check in the amount

7

of $859,400." Wittenberg allegedly sent FMC a package containing the demand with "silver coins and a check in the amount of $859,400." Plaintiffs then allege that when their demand to extinguish the mortgage was unsuccessful, they sent a series of letters to FMC demanding title to the Property and to extinguish the mortgage. Plaintiffs further allege that Defendants did not respond to their letters.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), FMC filed the instant Motion to Dismiss along with the requisite _Roseboro_ notice. The motion to dismiss has been fully briefed, and the Court finds this case should be dismissed as to all claims against FMC for lack of subject matter jurisdiction, and in the alternative, for failure to state a claim.

Rule 12(b)(1) allows parties to challenge a court's subject matter jurisdiction over a matter. Without subject matter jurisdiction, a court must dismiss the complaint in its entirety. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Adkins v. Dulles Hotel Corp., 2020 WL

5846484, at *4 (E.D. Va. Sept. 16, 2020), aff'd, 832 F. App'x 205 (4th Cir. 2020).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. See id. at 243-44; Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) ("[the Court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal quotation marks and citation omitted). A claim will lack "facial plausibility" unless the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While "a pro se complaint, however inartly pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), this does not relieve

*pro se* litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires *pro se* plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Court finds that it lacks subject matter jurisdiction over the claims raised against FMC for the same reasons set forth in this Court's prior holdings. Under the Rooker-Feldman doctrine, federal courts are precluded from sitting in appellate review of state court judicial determinations. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual[.]" Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (internal citation omitted). Therefore, Rooker-Feldman not only bars federal courts from considering issues already decided by a state court, but also from considering claims which are "inextricably intertwined" with prior state court judgments. Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000); Feldman, 460 U.S. at 486.

Here, entertaining Plaintiffs' claims surrounding FMC's alleged inferior interest and ownership in the Property would require this Court to pass judgment on the Virginia state court's

10

findings in the 2019 Eviction Action, Plaintiffs' 2021 Quiet Title Action, which rejected challenges to FMC's interest in the Property, and the 2023 Eviction Action, which is on appeal. Because the Prince William County Circuit Court has rendered final judgments regarding the ownership of the Property on three occasions, the Court finds that a ruling for Plaintiffs would undermine those state court judgments. Moreover, this Court has now three times found that considering Plaintiffs' claims would require it to pass judgment on the state court's findings. The instant matter is no different. While Plaintiffs allege numerous violations of federal statutes governing "consumer credit transactions," Plaintiffs have brought similar claims in the state court proceedings based on the same factual allegations, which were denied, and thus, the claims at issue in this matter are clearly "inextricably intertwined" with the issues that were before the state court. See Feldman, 460 U.S. at 486. As a result, Plaintiffs cannot overcome the Rooker-Feldman jurisdictional bar, and the Complaint must be dismissed under Rule 12(b)(1). Because the Court finds that the Rooker-Feldman jurisdictional bar applies, it will not address Defendant's res judicata argument.

Alternatively, FMC moves for dismissal under Fed. R. Civ. P. 12(b)(6) as to all of Plaintiffs' asserted claims. As an initial matter, no private right of action exists for Plaintiffs' Federal Reserve Act and FTC claims. Plaintiffs assert claims based on the

FTC Act, 15 U.S.C. § 41 et seq., and Section 29 of the FRA. "To determine whether a statute creates a federal private right, [a court should] look to the statutory text for 'rights-creating language.' " In re Miller, 124 Fed. Appx. 152, 154 (4th Cir. 2005). Neither act creates a private right of action, and without such right, Plaintiffs cannot maintain their FTC and Federal Reserve Act claims. See Kantor v. Pompeo, 400 F. Supp. 3d 464, 470 (E.D. Va. 2019) ("there is no private right of action under the Federal Trade Commission Act"); Parker v. Duncan for ABNB Fed. Credit Union, No. 2:23-CV-390, 2024 WL 1889833, at *3 (E.D. Va. Apr. 30, 2024) ("Courts have routinely held that that Sections 16 and 29 of the Federal Reserve Act do not confer a private right of action.") (collecting cases). Thus, individuals like Plaintiffs cannot maintain claims against Defendant FMC under the Federal Reserve Act or the FTC Act.

In addition, Plaintiffs' TILA claim, breach of fiduciary duty, and securities fraud claims also fail. Plaintiffs' factual allegations supporting their claims are brief, incoherent, and are based in part on statutes that do not apply to FMC. Plaintiffs assert that this action arises under TILA but only merely mention TILA in the Complaint, without any explanation, which is insufficient to state a claim and does not meet the minimum pleading standards set forth in Fed. R. Civ. P. 8(A). Moreover, TILA establishes a one-year statute of limitations period for civil

12

damages claims arising from TILA violations, which begin running from the date of the complained violation. <u>See</u> 15 U.S.C. § 1640(e); <u>Tucker v. Beneficial Mortg. Co.</u>, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). Here, Plaintiffs do not allege any specific TILA violation, but assuming the violation is the date FMC obtained ownership in the Property in 2019, filing this action is well beyond the one-year statute of limitations.

Plaintiffs also assert a breach of fiduciary duty claim under 29 U.S.C. § 1109 and the Federal Reserve Act. As previously noted, the Federal Reserve Act does not provide for a private right of action, and Plaintiffs claims under this act should be dismissed. 29 U.S.C. § 1109 discusses the obligations of a person acting as a fiduciary under Subchapter I of Title 29, Chapter 18 of the U.S. Code. Title 29, Chapter 18 of the U.S. Code involves Employee Retirement Income Security Programs and Subchapter I involves the Protection of Employee Benefit Rights, neither of which have anything to do with Plaintiffs' claims regarding the mortgage at issue. Therefore, these claims should be dismissed.

Additionally, Plaintiffs assert a claim for securities and commodities fraud in violation of 18 U.S.C. § 1348 devoid of any facts supporting the claim. Plaintiffs' naked assertions fail to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). Moreover, 18 U.S.C. § 1348 is a criminal securities and commodities fraud statute and does not create a private right of action. <u>See</u>

13

<u>Donaldson v. Severn Sav. Bank, F.S.B.</u>, No. CV JKB-15-901, 2015 WL 7294362, at *2 (D. Md. Nov. 18, 2015) (noting that 18 U.S.C. § 1348 and other similar statutes are federal criminal statutes and do not prescribe a civil penalty). For these reasons, Plaintiffs' securities and commodities fraud claim should be dismissed.

And finally, as to Plaintiffs' FCRA and FDCPA claims, these claims should also be dismissed under Rule 12(b)(6). Plaintiffs assert that FMC is liable for FCRA violations by allegedly reporting inaccurate information to Defendant CBCS. Plaintiffs then allege that CBCS furnishes information to the Credit Reporting Agencies ("CRAs"). However, Plaintiffs do not sufficiently allege that FMC furnished any information regarding the mortgage to the credit reporting agencies directly. The FCRA imposes duties on "furnishers of information" to the CRAs and prohibits furnishing information to a CRA that the person knows is inaccurate. <u>Saunders v. Branch Banking And Tr. Co. of VA</u>, 526 F.3d 142, 148 (4th Cir. 2008) (citing 15 U.S.C. § 1681s-2(a)). Considering that Plaintiffs have not sufficiently alleged that Defendant FMC furnished any information to the CRAs, Plaintiffs' FCRA claim as to FMC must be dismissed for failure to state a claim.

Lastly, Plaintiffs fail to plead any factual allegations that allow the court to draw the reasonable inference that Defendant FMC is liable for violations of the FDCPA. Indeed, Plaintiffs' FDCPA allegations merely recite the statutory text in 15 U.S.C. §

14

1692e(2)(A) and § 1692e(8), simply stating that Defendants have "used false, deceptive, or misleading representations" regarding the debt owed or have failed to communicate a disputed debt to the CRAs, which alone is insufficient to state a claim. The Court need not accept as true Plaintiffs' unwarranted inferences, unreasonable conclusions, or arguments in connection with FMC's foreclosure of the Property after the Harrises defaulted on their mortgage. Therefore, the Complaint must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and for failure to state a claim.

For the aforementioned reasons, it is hereby

ORDERED that FMC's Motion to Dismiss is GRANTED; and it is further

ORDERED that this case is DISMISSED as to Defendant FMC.

An appropriate Order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June /5, 2025

15